THE PEOPLE OF THE STATE OF NEW YORK ᴇx
ʀᴇʟ. BENJAMIN ANDREWS, Appellant, v. AARON
BRINCKERHOFF, Comptroller of the City of Brooklyn,
Respondent.

*Chapter 388 of 1884 — construction of.*

Chapter 388 of 1884, authorized the comptroller of the city of Brooklyn to pay to
the holders of certificates of sales made since the year 1862 for the non-payment
of taxes levied, or attempted to be levied, in said city since the year 1861, and
which were void by reason of the failure of the assessors of said city to swear
to the assessment-roll as required by statute, "the purchase-price appearing
upon the face of said certificates, and also the amounts appearing upon the liber
of sales in the office of the registrar of arrears of said city on the 1st day of
October, 1883, to have been paid by the purchaser or his assigns for taxes,
water rates or assessments *on account of the purchase,* excepting such as were
levied subsequent to the 30th day of June, 1882."

*Held,* that the comptroller was not authorized to pay to the holders of certificates
the amount of any taxes, water rents or assessments paid by them for taxes,
water rents or assessments which had been levied and were liens upon the
property at the time of the purchase of the certificates, although not paid by
the purchaser until the purchase was made.

Appeal from that portion of an order, made at the Kings Special
Term, which denied the relator's demand that a writ of *mandamus,*
issued on his application, command the respondent to refund to the
relator certain moneys paid by him for unpaid taxes and assess-
ments for liens earlier than the tax liens for the non-payment of
which the premises had been sold to the relator.

The application was based upon certificates issued to the relator
for sales for the taxes of the years 1868 and 1870. He also claimed
to be entitled to recover the amounts paid by him after the pur-
chase of those certificates for assessments against the property which
had become liens thereon prior to the years 1868 and 1870.

*John Andrews,* for the relator, appellant.

*Almet F. Jenks,* corporation counsel, for the respondent.

Pratt, J.:

The relator applied for a writ of *mandamus* to the respondent,
the comptroller of the city of Brooklyn, commanding him to pay
certain certificates of tax sales under chapter 388 of the Laws of
1884, which reads as follows:

" SEC. 1. The comptroller of the city of Brooklyn is hereby authorized forthwith to pay to the holders of certificates of sales made since the year eighteen hundred and sixty-two, for the non-payment of taxes levied or attempted to be levied in said city since the year eighteen hundred and sixty-one, and which were void by reason of the failure of the assessors of said city to swear to the assessment-rolls as required by statute, *the purchase-price appearing upon the face of said certificates, and also the amounts appearing upon the liber of sales, in the office of the registrar of arrears of said city on the first day of October, eighteen hundred and eighty-three, to have been paid by the purchaser or his assigns for taxes, water rates or assessments, on account of the purchase*, excepting such as were levied subsequent to the thirtieth day of June, eighteen hundred and eighty-two."

On this act the application is based and on this act the whole claim of the appellant depends. The sales for which the certificates were issued were for the taxes of 1868 and 1870, respectively. It is perfectly manifest that any payments made by the purchaser for taxes levied prior to the tax for which he had purchased certificates were not paid on account of the purchase. Only such taxes could be paid on account of the purchase as were necessary to be paid in order to protect the title. Any sales for taxes levied prior to 1868 and 1870, respectively, would have been subject to the lien of the relator's certificates, and any purchaser at any such sale, in order to effectuate his purpose or gain any title or advantage therefrom, would have been bound to redeem from the sales held by the relator. He was, therefore, under no obligation to pay these prior taxes, and if he assumed to do so it was a voluntary payment. There is no authority given the purchasers to pay prior taxes, and no propriety in his doing so, for his purchase is superior to all the earlier liens.

All the acts of the legislature must be construed together, and under the act above quoted, and chapter 863, Laws of 1873 (tit. 8, § 8, and chap. 63, Laws of 1862, § 29), it is rendered perfectly clear what taxes the purchaser is authorized to pay and reclaim from the city of Brooklyn. By these acts the purchaser is only authorized to pay taxes levied subsequent to the tax for which the sale was made to him. The vital words of limitation are " paid on

account of the purchase." The relator cannot now turn his application for a *mandamus* into a bill in equity and seek to recover money voluntarily paid for illegal taxes. In order to warrant the granting a writ of *mandamus* the relator must show a clear legal right which, in this case, he has utterly failed to do.

Order affirmed, with costs.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Order refusing *mandamus* affirmed, with costs.